OPINION OF THE COURT
Carmen R. Parenti, J.
On June 24, 1987, this court issued a search warrant at the request of the New York State Department of Environmental Conservation (DEC) authorizing a search of the premises of Newark Florists, Inc., located at 621 East Maple Street, Newark, New York, and of the adjacent area. The warrant was executed by DEC personnel on the following day, June 25, 1987, at which time numerous samples of soil, water and wildlife were taken from the area. These samples were thereafter sent to two laboratories for analysis. The DEC now seeks *418 to have the court release the results of the analysis and testing of these samples, alleging that the public has a legitimate interest in those results. The Newark Florists, Inc. has opposed the application.
It is conceded by both parties that the relevant sections of the Criminal Procedure Law do not, by their language, specifically or expressly impose any prohibition on the release of the information derived from the execution of the search warrant. CPL 690.50, which addresses the procedures to be followed by the court upon seizure of property pursuant to a search warrant, imposes no "sealing” requirements or directive relative to the secrecy of the seized materials.
CPL 690.55 does require that the court either retain custody of property seized pending further disposition or direct that said seized property be held in the custody of the applicant. Although this section would appear to be aimed at preserving the integrity of physical evidence, there is no indication from the language that the court is prohibited from making said evidence public when the situation warrants.
In comparing the provisions of the Criminal Procedure Law relative to search warrants with those dealing with eavesdropping warrants, one notes that CPL 700.55 requires sealing of the eavesdropping applications and warrants. Disclosure is only permitted upon a showing of good cause. CPL 700.65 further sets forth the limited instances and conditions under which disclosure of the contents of intercepted communications obtained pursuant to eavesdropping warrants are permitted. It would seem that if the Legislature had intended to impose similar secrecy restrictions on evidence seized pursuant to a search warrant, specific statutory language would have been incorporated in CPL article 690.
Having read the cases submitted by counsel for the respective parties and conducting its own research, the court can find no reported decision directly on point. The inference, of course, is that there is thus no controlling case which prevents the release by the court of the information here requested. Both counsel for the respective parties agree in their memoranda of law that the court has discretion to release or not release, depending upon the circumstances of each case.
One consideration in not releasing the information would be the potential for prejudicing the People’s (DEC) case against potential defendants. However, since the DEC has, through the Attorney-General’s office, brought this application request *419 ing the court to release the information, they are obviously willing to assume the risk that such release could jeopardize the effectiveness of future proceedings.
Therefore, the sole issue appears to be whether any prejudice to Newark Florists in releasing the information is outweighed by legitimate public concern regarding potential hazards to health and property. Although it is alleged that release of the information would prejudice Newark Florists, the arguments presented by counsel are not convincing and references made to the statutes and case law dealing with the secrecy, of evidence presented to a Grand Jury would appear to be inapposite.
It is true that the decision as to when (or whether) to present the matter to a Grand Jury is in the sole discretion of the Attorney-General’s office. It is also true that the Attorney-General’s office has not really explained why there has been such a substantial delay in making that decision. (Warrant was executed on June 25,1987.) However, these facts in and of themselves do not justify the application of a Grand Jury standard to the instant matter. The cases referred to by counsel for Newark Florists are specifically directed to Grand Jury proceedings and cannot be applied to or extended to the situation now before the court.
Counsel for Newark Florists further argues that the DEC may have largely created its own problem by causing "needless anxiety” on the part of the public through a "media circus”. Even if such allegations were accurate (which this court does not determine) the DEC has nonetheless clearly established considerable public concern justifying the court to exercise its discretion in favor of the release of the requested information.
The only case which is remotely on point in suggesting that disclosure of the results might not be warranted is Matter of Gannett Co. v De Pasquale (43 NY2d 370, affd 443 US 368 [1979]). The holding in Gannett, however, is dicta since that case dealt with media access to a suppression hearing.
However, the Court of Appeals did differentiate in Gannett (supra, at 381) between "mere curiosity” and "legitimate public concern”. It would appear that the interests of the neighbors of Newark Florists in ascertaining the existence of a potential health hazard to their families and their environment would fall into the latter category. This concern has been substantially demonstrated by various letters, telephone *420 conversations and meetings initiated by residents of the neighborhood.
It is, therefore, the decision of this court that, there being no statutory or judicial restrictions on the release of the information obtained as a result of the execution of the search warrant in question, it is a proper exercise of the court’s discretion, in balancing the concerns of public interest against individual rights, to permit the release of the test results as requested by the Attorney-General’s office.